UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
)            Crim. No. 06-0026-02 (CKK)
)
versus                )
)
LATANYA ANDREWS,            )
_____Defendant_____ )

MEMORANDUM IN AID OF SENTENCING

Defendant, through undersigned counsel, hereby presents her Memorandum in Aid of Sentencing.[1]

Defendant has reviewed the Pre-sentence Investigation Report ("PSR") prepared by the United States Probation Office. She found no material factual inaccuracies, or other material errors, in the report.

Defendant recognizes that the PSR correctly calculates defendant's guideline exposure to 27-33 months, representing a total offense level 20 with a criminal history category I.

Defendant differs from the government in its recommendation that the Court impose a sentence at the low end of the guideline range. Defendant submits that the Court, with the Supreme Court's transformation of the U.S. Sentencing Guidelines from mandatory to advisory[2], has ample basis and reason to depart from the guidelines and impose a probationary term and not impose a term of incarceration.

---

[1] Counsel for Defendant regrets the lateness of her filing. The grave illness and death of a member of counsel's family (his wife's mother, who died January 29, 2007) prevented an earlier filing. The defendant will appreciate the Court's indulgence in the circumstances.

[2] *United States v. Booker,* 543 U.S. 220 (2005)

1

The sentencing factors which 18 U.S.C. 3553(a) requires the Court to consider militate in favor of a probationary term more than they do in favor of incarceration. The "nature and circumstances of the offense and the history and characteristics of the defendant" reveal that defendant as a minor, if integral, player[3] in the effort of her codefendant to obtain funds from the life insurance policy issued to Vester Mayo. Though as a convicted conspirator Ms. Andrews is responsible for the entire $20,500.00 depredation, and would be jointly and severally liable for any restitution requirement, the government's evidence was that she profited little from the venture—a less than 5% share in proceeds that the government argues is traceable to her, for an act which the government says facilitated the crime. The downside risk—losing her job at the Veteran's Affairs Medical Center ("VAMC") after more than eighteen years[4], losing other benefits, too—was much greater than the upside return.

Defendant's "history and characteristics" reveal no convictions for theft or fraud, and a single arrest for Theft (misdemeanor) in Prince George's County, MD, in 1988, when defendant was twenty years old. The case was dismissed by *nolle prosequi* fewer than three weeks after it was brought.[5] Unlike her codefendant, Ms. Andrews had no markers in her background that suggest she had engaged in theft or fraud related conduct before she was charged in this case.

The third factor, the need to reflect the seriousness of the offense and to promote respect for the law, is served and not undermined by a lengthy period of probation. The

---

[3] This memorandum accepts as established the facts which helped produce defendant's conviction. Defendant does not concede, however, that the Court properly denied her Motion for Judgment of Acquittal, which the Court took under advisement during trial and ruled on post-trial.

[4] PSR, p. 8, ¶45.

[5] PSR, p. 6, ¶28.

Court has within its power the ability to fashion a sentence that demonstrates two things: First, how seriously the Court views the conduct in question and second, the consequences the defendant would face if she failed to comply fully with the terms of probation. An order for full restitution and performance of community service hours would demonstrate to both Ms. Andrews and the community at large the seriousness of the law violation. Enforcement of such an order—with revocation and jail time to follow non-compliance—would also serve the fourth factor, the need to deter criminal conduct. Ms. Andrews, having been fired from a job to which she earlier had an expectation of lifetime job security, would be a walking billboard to others, both in public service and without, of the perils of abusing the public trust, as Ms. Andrews has been convicted of having done.

Protecting the public, the fifth factor, has been served already, defendant submits, by the VAMC's discharge of Ms. Andrews from her job.

The sixth factor, the need to provide rehabilitative or other training, is served equally well by the U.S. Probation Office as by the Bureau of Prisons. Indeed, that is what the Probation Office is designed to do. And perhaps the promotion of rehabilitation is served best when not combined with the stigma of incarceration.

The seventh factor, the need to avoid an unwarranted sentencing disparity, is *not* served by giving codefendant Turner a slightly greater sentence than that imposed on Ms. Andrews. The evidence that Mr. Turner instigated the scheme, obtained most of the money from it, and then, according to the government's evidence and the calculation of his guideline level, threatened a witness involved with the case—all this militates against incarceration for Ms. Andrews. The activity of Mr. Turner, compared with the apparent

*passivity* of Ms. Andrews, suggests that probation for Ms. Andrews would not create an *un*warranted sentencing disparity.

Defendant presents, at age 39, as a first-time offender.[6] She had an honorable career, before her indictment and guilty verdict, at the VAMC. On its own terms, the case is a tragedy for Ms. Andrews. Incarceration, especially where incarceration is not indicated, should be avoided.

Finally, in the event that the Court decides on a term of incarceration, defendant requests that the Court permit her to remain on released on an appeal bond (personal recognizance) while her conviction is appealed to the U.S. Court of Appeals for the District of Columbia Circuit. The Court acted with caution when it took under advisement at the close of the government's case-in-chief defendant Andrews's Motion for Judgment of Acquittal, instead of ruling on it (without further briefing) either then or when defendant renewed it at the close of all the evidence. That demonstrates the closeness of the case. It would ultimately *dis*serve justice for Ms. Andrews to be incarcerated, only to learn during or after she had finished her term that a reviewing court decided the government's evidence was insufficient to support her conviction.

Title 18 U.S.C. §3143(b) supports defendant's request for release pending appeal. A person must be detained unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…and (B) that the appeal is not for the purpose of

---

[6] The PSR reports an arrest for Battery in 1986, when defendant Andrews was 19 years old. The PSR investigation revealed a disposition of "6 months unsupervised probation *before judgement (sic)*." Probation *before* judgment is not a criminal conviction. "'Convicted of an offense,' for the purposes of this provision (i.e., §4A1.1(c)) means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of <u>nolo</u> <u>contendere</u>. Thus, the PSR's statement that "there were no official documents available to support the conviction" creates the misimpression that this disposition constituted a conviction.

delay and represents a substantial question of law or fact likely to result in (i) reversal, (or) (ii) an order for a new trial….If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title…."[7] "[A] 'substantial question' is a "close" question or one that very well could be decided the other way." *United States v. Perholtz,* 836 F.2d 554, 555 (D.C. 1987) (per curiam) (quoting *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir. 1985)).

The sufficiency of the evidence in this case presents just such a substantial question. In that light, defendant moves the Court to permit her release pending appeal.

Respectfully submitted,

/s/
NATHAN I. SILVER
Attorney for Latanya Andrews
Unified Bar No. 944314
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

\*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via electronic mail upon Ann Brickley, Esq. and Daniel A. Petalas, Esq., Public Integrity Section, Criminal Division, U.S. Dept. of Justice, Washington, D.C., this 5th day of February, 2007.

_____/s/_____
*Nathan I. Silver*

---

[7] 18 U.S.C. 3142(f) makes ineligible for release persons who have appealed convictions from certain offenses. Defendant's offenses do not disqualify her from release pending appeal.