UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                        )      Crim. No. 06-0026-02 (CKK)
                                        )
     versus                     )
                                        )
LATANYA ANDREWS,        )
_____Defendant_____ )

MOTION FOR RELEASE PENDING APPEAL

     Defendant, through undersigned counsel, hereby moves the Court to permit her to remain on her release on personal recognizance pending the appeal of her conviction to the U.S. Court of Appeals for the D.C. Circuit.  The reasons follow.

     1.  The Court imposed sentence on February 9, 2007, in the instant case.  It entered judgment against defendant and sentenced her to two concurrent terms of 15 months in prison, with 2 years of supervised release, for her convictions of Conspiracy to Defraud the United States, in violation of 18 U.S.C. §371, and Bribery, in violation of 18 U.S.C. §201(b)(2)(A) and (B).  The Court, upon the recommendation of the U.S. Probation Office, permitted defendant to remain on release pending an order from the U.S. Bureau of Prisons to surrender so that she may begin her term of imprisonment.

     2.  Title 18 U.S.C. §3143(b) allows for a defendant's release pending appeal.  It presumes that

> [a] person must be detained unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…and (B) that the appeal is not for the purpose of delay and represents a substantial question of law or fact likely to result in  (i) reversal, (or) (ii) an order for a new trial….If the judicial

1

>officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title…."[1]

Defendant submits she meets the criteria the statute establishes.

    3. First, she is not a flight risk. She was released on her own recognizance in this case.[2] Defendant was born in Washington, D.C., and has lived and worked in the Washington metropolitan area her entire adult life. Her mother and stepfather live within minutes of defendant.[3] Ms. Andrews was punctual in making all court appearances up to and through her trial. She observed the out-of-town travel restriction while it was in force. She has shown respect, in an impeccable and exemplary manner, for the Court's orders. Not mentioned in defendant's *Memorandum (Corrected) in Aid of Sentencing*, because it was not known at the time of its writing, is that the U.S. Probation Office determined that defendant was a fitting subject for self-surrender to the U.S. Bureau of Prisons instead of immediate remand, following sentencing, to the custody of the U.S. Marshals Service. The Court followed the recommendation of U.S Probation in permitting defendant to remain on release until ordered to report to begin serving her term of imprisonment.[4]

    4. Second, this case poses a substantial question of law. "[A] 'substantial question' is a "close" question or one that very well could be decided the other way."

---

[1] 18 U.S.C. 3142(f) makes ineligible for release persons who have appealed convictions from certain offenses, for example, crimes of violence and serious drug offenses. Defendant's offenses do not disqualify her from release pending appeal.

[2] Counsel has conferred with Dan Gillespie of U.S. Pretrial Services Agency. He advises that District Courts customarily require defendants who are released pending appeal to continue to comply with their pretrial release conditions. It is PSA, not the Probation Office, says Mr. Gillespie, that provides post-sentencing supervision of release.

[3] Defendant helps her mother care for her stepfather, who has been seriously ill for several years. Though 18 U.S.C. §3143(b) does not identify personal needs or hardships as a factor favoring release on appeal, defendant's family obligations strengthen her ties to the community and further reduce flight risk.

*United States v. Perholtz,* 836 F.2d 554, 555 (D.C. 1987) (per curiam) (quoting *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir. 1985)).  The Court took under advisement defendant's Motion for Judgment of Acquittal which she made at the close of the government's case and ruled upon it after the jury returned its guilty verdicts.  It authorized preparation of the transcripts of the trial and required the parties to file written pleadings, with citation to the transcripts, in support of their positions.  It recognized that the government's proof was largely, perhaps *exclusively*, circumstantial, and recognized tacitly, by reserving its ruling until after full briefing, that the government's case may have been *sufficient,* but was not compelling.

5.  It is defendant's understanding, based on her counsel's conversation on Monday, Feb. 12, 2007, with Dan Petalas, trial attorney for the U.S. Department of Justice, that the government opposes defendant's release pending appeal.

The question of the sufficiency of the evidence in this case presents just such a "substantial question of law or fact" that is a prerequisite to release on appeal.  In that light, defendant moves the Court to permit her release pending appeal.

Respectfully submitted,

/s/
NATHAN I. SILVER
Attorney for Latanya Andrews
Unified Bar No. 944314
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via electronic mail upon Ann Brickley, Esq. and Daniel A. Petalas, Esq., Public Integrity

Section, Criminal Division, U.S. Dept. of Justice, Washington, D.C., this 13th day of February, 2007.

_____/s/_____
*Nathan I. Silver*