IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-026-02 (CKK) |
| ) | |
| ) | Opposition to Motion for |
| LATANYA ANDREWS, ) | Release Pending Appeal [Corrected] |
| Defendant. ) | |
| _____ ) | |

Government's Opposition to Motion for Release Pending Appeal [Corrected]

The United States of America, by and through its undersigned counsel, respectfully submits its opposition to the motion of defendant Andrews seeking to remain on personal recognizance pending the resolution of the appeal of her conviction pursuant to 18 U.S.C. § 3143(b). Defendant has failed to discharge her burden of establishing that her appeal raises a substantial question of law or fact likely to result in either no sentence of imprisonment or a prison term that is less than the expected duration of her appellate process. See 18 U.S.C. § 3143(b)(1)(B)(iii) & (iv). Accordingly, her motion must be denied.

The D.C. Circuit recognizes the statutory presumption that a person that has been lawfully convicted and sentenced to a term of imprisonment will be detained pending appeal. See United States v. Perholtz, 836 F.2d 554, 556 (D.C. Cir. 1987) (discussing 18 U.S.C. § 3143(b)(1) and acknowledging that "[t]he law has shifted from a presumption of release to a presumption of valid conviction" (citations omitted)). This presumption may be rebutted and the sentencing court may order release pending appeal only if:

> the defendant can establish by clear and convincing evidence that he is not likely to flee or pose a danger to the community, 18 U.S.C. § 3143(b)(1)(A), and also can show that (1) he is appealing for purposes other than delay, (2) the appeal 'raises a substantial question of law or fact,' and (3) a favorable appellate ruling on that substantial question would likely result in a reversal, an order for a new trial, a sentence that does not include incarceration, or a reduced sentence to a

      term of imprisonment less than the total of any time already served plus the
      expected duration of the appeal process.

Id. at 135. (emphasis in original).

    To determine the substantiality of a question raised on appeal, the standard is whether the question is "'a 'close' question or one that very well could be decided the other way.'" Perholtz, 836 F.2d at 555 (citations omitted). The defendant fails to meet that test.[1]

    The only basis for appeal cited by the defendant in the present motion or her prior motion for judgment of acquittal is the sufficiency of the evidence presented at trial. The standard of review for a challenge to the sufficiency of evidence is whether any reasonable juror could have convicted on the evidence presented. See United States v. Weisz, 718 F.2d 413, 438 (D.C. Cir. 1983). As the Seventh Circuit has recognized, "[t]he task of challenging the sufficiency of the evidence 'is a daunting one, as the standard of review . . . is necessarily rigorous.'" United States v. Parra, 402 F.3d 752, 760 (7th Cir. 2005) (citation omitted).

    The many facts that supported the defendant's conviction were outlined in detail in the government's opposition to defendant's motion for judgment of acquittal. The chain of reasoning drawn from that evidence was sufficient to support the jury's finding of guilt, a conclusion this Court reached when it denied the defendant's motion for acquittal in its detailed memorandum opinion.

    The defendant argues that this case presents a "close" question because the government's proof of guilt at trial was largely circumstantial. However, it is a fundamental evidentiary proposition that "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." Desert Palace, Inc. v. Costa, 539 U.S. 90, 99

---

[1] The government does not contend that the defendant is likely to flee or that she poses a danger to the community.

(2003). In this case, the defendant does not identify any reason to accord less weight to the inculpatory circumstantial evidence admitted at trial, nor has the defendant shown that the jury's process of reasoning from that evidence was flawed. Accordingly, the defendant cannot show there is a close question on appeal that would likely result in reversal or a meaningful change in the length of defendant's sentence.[2]

For the foregoing reasons, this Court should deny the defendant's motion under 18 U.S.C. § 3143(b) for release on personal recognizance pending appeal.

Dated: February 21, 2007

                                        Respectfully submitted,

                                        EDWARD C. NUCCI,
                                        Acting Chief

                                          /s/  Daniel A. Petalas
                                        Daniel A. Petalas
                                        DC Bar No. 467908
                                        Ann C. Brickley
                                        Trial Attorneys
                                        Public Integrity Section
                                        Criminal Division
                                        United States Department of Justice
                                        10th Street and Constitution Avenue, NW
                                        Washington, DC 20530
                                        202-514-1412
                                        202-514-3003 (facsimile)
                                        Dan.Petalas@usdoj.gov
                                        Ann.Brickley@usdoj.gov

---

[2] The government files this corrected opposition to clarify that the statute does not burden the defendant with showing a "substantial question" by the heightened "clear and convincing evidence" standard.

CERTIFICATE OF SERVICE

The undersigned counsel for the government hereby certifies that he caused a true and correct copy of the foregoing to be served upon the following counsel of record through the electronic case filing system this  21st  day of February, 2007:

James W. Rudasill, Jr., Esq.
717 D. Street, NW, Suite 310
Washington, DC 20004
rudasilljr7@aol.com
Counsel for Peter R. Turner

Nathan I. Silver, Esq.
P.O. Box 5757
Bethesda, MD 20824
nisquire@aol.com
Counsel for LaTanya Andrews

Howard Katzoff, Esq.
601 Indiana Avenue, NW, Suite 310
Washington, DC 20004
katzoffh@aol.com
Counsel for Thelma Leonard

  /s/  Daniel A. Petalas
Daniel A. Petalas
Trial Attorney