UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____
                                            )        Crim. No. 06-0026-02 (CKK)
                                            )
         versus                             )
                                            )
LATANYA ANDREWS,                            )
_____Defendant_____ )

REPLY TO "GOVERNMENT'S OPPOSITION TO
MOTION FOR RELEASE PENDING APPEAL (CORRECTED)"

Defendant, through undersigned counsel, hereby replies to the Government's Opposition to Motion for Release Pending Appeal (Corrected) ("Opposition"), previously filed.

The corrected Opposition, with which defendant agrees, states that the statute[1] "does not burden the defendant with showing a 'substantial question' by the heightened 'clear and convincing evidence' standard." (Opposition, p. 3, fn. 2)  In fact, that evidentiary standard applies *only* to the judicial officer's evaluation of the risk that a defendant will either "…flee or pose a danger to the safety of any other person or the community if released…."   If, the statute establishes, the officer finds against a defendant for either one of those two factors, the defendant must be "detained" and the appeal bond denied; such a finding moots the second issue, *i.e.,* whether or not to release a defendant pending appeal.  There is no evidentiary standard set forth in the statute

---

[1] 18 U.S.C. §3143(b). which reads: "A person must be detained unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…and (B) that the appeal is not for the purpose of delay and represents a substantial question of law or fact likely to result in  (i) reversal, (or) (ii) an order for a new trial….If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title…."

1

regarding the evaluation of the factors the courts must weigh in deciding whether or not to grant an appeal bond.[2]

Now, obviously there is a difference of opinion on whether or not this case presents, on appeal, "a substantial question of law or fact likely to result in reversal…." Defendant stressed in her Motion that the Court's decision to take under advisement the Motion for Judgment of Acquittal ("MJOA") was evidence that there was a close or substantial question; the government stressed in its Opposition that the denial of the MJOA was proper and that the evidence that supported the conviction was strong and sufficient. There can be no difference of opinion, though, on one point: that a reversal of the conviction would result in the dismissal of charges against the defendant. A reversal (as the parties anticipate it) would be a finding that this Court should have granted the MJOA. That would end this case.[3]

Defendant understands that a substantial question must be a *close* question. In other words, a question the resolution of which would not likely result in reversal cannot sustain a defendant's effort to remain on release pending appeal; it would not be a *substantial* question. For example, a conviction based on evidence obtained from the execution of a search warrant would have to be overturned if it turned out on appeal that the warrant was defective.[4] Now, most warrants are sustained both at trial and appellate levels, and the difficulty in challenging warrants makes it unlikely that "a favorable

---

[2] It is helpful here to note that the word "likely" is used to describe the result of a favorable appellate ruling but *not* whether or not the favorable ruling itself was likely.

[3] It reminds defendant's counsel of philosopher William James's formulation of a "genuine option choice": it must be *living*, *forced* and *momentous*. *See* William James, "The Will to Believe and Other Essays in Popular Philosophy," (New York: Dover Publications 1956)

[4] Appeals courts make a *de novo* review of search warrant applications without deferring to trial courts.

appellate ruling" would issue from a reviewing court.  But a close question on a search warrant would be a substantial question.

Then again, there are many appellate questions that, even if resolved in favor of a defendant, would not result in an outright dismissal of a prosecution.  For one thing, the appellate courts often find error, only it's *harmless*, not case-changing, *harmful* error.  It's not possible for a court to find that an improper denial of an MJOA constitutes harmless error.

Here, the nature of the review is much different and the possibility of a reversal much greater.  Defendant submits that she has shown "…that (1) (she) is appealing for purposes other than delay, (2) the appeal 'raises a substantial question of law or fact,' and (3) a favorable appellate ruling on that substantial would likely" even *certainly* "result in a reversal…."

This reply is,

Respectfully submitted,

/s/

NATHAN I. SILVER
Attorney for Latanya Andrews
Unified Bar No. 944314
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)
email: NISquire@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via electronic mail upon Ann Brickley, Esq. and Daniel A. Petalas, Esq., Public Integrity Section, Criminal Division, U.S. Dept. of Justice, Washington, D.C., this 21st day of February, 2007.

_____/s/_____
*Nathan I. Silver*