UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>LATANYA ANDREWS,<br><br>    Defendant. | Criminal Action No. 06-26-02 (CKK)<br><br>FILED<br><br>MAR 2 8 2007<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(March 28, 2007)

This Order addresses Defendant LaTanya Andrews' [70] Motion for Release Pending Appeal. Based upon a searching review of Defendant's Motion, the Government's Corrected Opposition to Plaintiff's Motion, Plaintiff's Reply to the Government's Opposition, the relevant case law and statutes, and the entire record herein, the Court shall DENY Defendant Andrews' [70] Motion for Release Pending Appeal.

The following background is discussed extensively in the Court's [64] October 24, 2006 Memorandum Opinion denying Defendant Andrews' Motion for Directed Verdict. Defendant Andrews was tried in front of a jury in a four-day trial, followed by a day of jury deliberations. At the conclusion of the Government's case, Defendant Andrews moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a), on which the Court reserved decision and proceeded with trial. Defendant Andrews renewed her motion at the close of the case, and the Court again reserved decision on her motion. At the conclusion of the jury deliberations, Defendant Andrews was convicted of one count of conspiracy and one count of

bribery. Thereafter, Defendant Andrews filed a Motion for Directed Verdict, which the Court considered as one properly made for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29. On October 24, 2006, the Court issued a lengthy [64] Memorandum Opinion, in which the Court assessed the sufficiency of the Government's evidence against Defendant Andrews and concluded that the Government presented ample circumstantial evidence to sustain Defendant Andrews' convictions for conspiracy and bribery. *See* Mem. Op. at 19-23. Thereafter, on February 9, 2007, the Court entered judgment against Defendant Andrews and sentenced her to two concurrent terms of 15 months in prison, with 2 years of supervised release. Andrews' Mot. for Release ¶ 1. Upon the recommendation of the United States Probation Office, the Court permitted Defendant Andrews to remain on release pending an order from the United States Bureau of Prisons to surrender. *Id.*

On February 13, 2007, Defendant Andrews filed a Motion for Release Pending Appeal, arguing that she meets the standard set forth in 18 U.S.C. § 3143(b) for such release because her case poses a substantial question of law likely to result in reversal or an order for a new trial. Andrews' Mot. for Release ¶¶ 2, 4. The Government filed its Opposition to Defendant Andrews' Motion for Release on February 21, 2007, and Defendant Andrews filed her Reply the same day.

Pursuant to 18 U.S.C. § 1343(b):

> a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [must] be detained, unless the judicial officer finds . . . (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The Government does not contend that Defendant Andrews is likely to flee

or that she poses a danger to the community. Gov't Opp'n at 2 n.1. As such, the Court need only determine whether Defendant Andrews' appeal raises a substantial question of law or fact likely to result in a reversal, order for new trial, sentence not including a term of imprisonment, or reduced sentence to a term of imprisonment less than that already served plus the expected duration of the appeal process. A question raised on appeal is considered "substantial" when it is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 826 F.2d 554, 555 (D.C. Cir. 1987) (internal citations and quotation omitted). Moreover, the "law has shifted from a presumption of release to a presumption of valid conviction." *Id.* (citation omitted).

Defendant Andrews argues that her appeal presents a close question because the Government's case was based largely on circumstantial evidence, and further asserts that this Court's decision to take her motion for judgment of acquittal under advisement demonstrates that her case could easily be decided the other way. Andrews' Mot. for Release ¶ 4; Andrews' Reply at 2. However, as the Government argues and as the Court noted in its October 24, 2006 Memorandum Opinion, "there is no requirement of any direct evidence against the defendant; the evidence may be entirely circumstantial." Mem. Op. at 6 (quoting *United States v. Poston*, 902 F. 2d 90, 94 n.4 (D.C. Cir. 1990) (citations omitted)). As such, the fact that the Government's evidence against Defendant Andrews was largely circumstantial is of no legal consequence. Furthermore, in its October 24, 2006 Memorandum Opinion, this Court already conducted a detailed review of the evidence presented against Defendant Andrews at trial – under a standard similar to that Defendant Andrews will face on appeal – and concluded that the Government adduced sufficient evidence to sustain Defendant Andrews' convictions for conspiracy and bribery. Notwithstanding Defendant Andrews' suggestion to the contrary, the Court's decisions

to take her motion for judgment of acquittal under advisement at trial and to allow the parties to fully brief the motion after trial does not reflect any judgment about the sufficiency of the Government's evidence, but rather reflects a desire on the Court's part to carefully consider the sufficiency of the evidence before ruling on the motion. As such, the Court cannot conclude that Defendant Andrews' appeal presents a substantial question of law or fact likely to result in a reversal, order for new trial, sentence not including a term of imprisonment, or reduced sentence to a term of imprisonment less than that already served plus the expected duration of the appeal process.

Accordingly, it is, this 28th day of March, 2007, hereby

**ORDERED** that Defendant LaTanya Andrews' [70] Motion for Release Pending Appeal is DENIED.

**SO ORDERED.**

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge